**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |  |
|---|---|---|
| VISUAL MINING, INC., | * | |
| Plaintiff/Counter-Defendant, | * | |
| v. | * | Case No.: PWG-12-3227 |
| TRISTAN ZIEGLER, | * | |
| Defendant/Counter-Plaintiff. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

This Memorandum Opinion addresses eight of the eleven motions currently pending, which are listed below. An overview of this case is necessary to put these numerous motions into context. Plaintiff/Counter-Defendant Visual Mining, Inc. ("VM") filed a Complaint for Declaratory Judgment and Damages against Defendant/Counter-Plaintiff Tristan Ziegler in the Circuit Court of Montgomery County, ECF No. 2, and Ziegler removed to this Court, ECF No. 1. VM is a "technology company," and Ziegler was VM's CEO until, according to VM, he was "involuntarily terminated for cause" when VM's Board of Directors learned that he "had engaged in a pattern of self-dealing over several years that had resulted in the payment to himself of substantial Visual Mining Funds that had not been authorized by the Board and that he was not entitled to receive." Compl. ¶¶ 2–4. VM alleges that Ziegler "engage[d] in a pattern of self-dealing that resulted in his receipt of hundreds of thousands of dollars in bonuses, commissions, meal reimbursements and other payments to which he was not entitled and has not earned," and "unilaterally, and without proper authority, amend[ed] the Visual Mining Employee Handbook

to allow for 800 hours of vacation accrual as part of a scheme to collect many months of additional compensation to which he was not otherwise entitled, upon his ultimate departure from the Company." *Id.* ¶ 1. VM seeks to recover all "compensation that Ziegler wrongfully paid himself," as well as a declaration that it "does not owe Ziegler any additional bonus payments" or "compensation." *Id.* VM's Complaint includes counts for fraudulent misrepresentation, fraudulent concealment, constructive fraud, and negligent misrepresentation. *Id.* ¶¶ 18–64.

Ziegler filed an Answer, ECF No. 13, and a Counterclaim, ECF No. 14, on November 12, 2012, naming VM, Sigma Partners III, L.P., Sigma Associates III, L.P., Sigma Investors III, L.P., and Sigma Management III, L.P. as Counter-Defendants. The new parties (collectively, "Sigma") are "venture capital investment funds" that "dominate[] and control[]" VM. Countercl. ¶ 3. Ziegler attaches his employment agreement ("Agreement") to his Counterclaim. Agr., Countercl. Ex. A, ECF No. 14-1. According to Ziegler, the Agreement provided for him to receive "certain monetary and non-monetary compensation, as well as severance and other benefits" if VM terminated him for any reason other than cause. Countercl. ¶¶ 13–14. Ziegler also claims that VM awarded him stock options, which were to be his unless he were "validly terminated for 'misconduct'" such as "fraud, embezzlement or dishonesty" or "other intentional misconduct . . . adversely affecting the business or affairs of [VM] (or any Parent or Subsidiary) in a material manner." *Id.* ¶¶ 18–22. Ziegler also alleges that he earned and received bonuses through a VM bonus plan, *id.* ¶ 29, and that VM had an agreement with him (the "Transaction Bonus Plan") for him to receive a percentage of the proceeds from any sale of VM, *id.* ¶ 31. Ziegler claims that VM accused him of stealing funds so that he would not receive a bonus when VM was sold, severance, other rights under the Agreement, other bonuses, and stock options. *Id.*

¶ 41. Ziegler counterclaims for breach of contract (Count I), anticipatory breach of contract (Count II), indemnification (Count VI), and violation of Maryland Wage Payment and Collection Act (Count VII) as to VM only; tortious interference with contract or with prospective economic relations (Counts III and IV) as to Sigma only; and declaratory judgment and injunctive relief (Count V) as to VM and Sigma.

Almost eleven months later, Ziegler moved to dismiss his counterclaims against Sigma (III, IV, and V)[1] pursuant to Fed. R. Civ. P. 41(a)(2). Ziegler's Mot. 1, ECF No. 68. Thereafter, over the course of just over four months, the parties filed ten additional motions, such that now pending before this Court are:

- Ziegler's Motion for Voluntary Dismissal of Counterclaims Against Sigma Parties and Memorandum in Support, ECF Nos. 68 and 68-1; to which Sigma has filed an Opposition, ECF No. 74; and Ziegler has filed a Reply, ECF No. 84;
- Sigma's Motion for Leave to File a Surreply to Ziegler's Motion for Voluntary Dismissal, ECF No. 87; to which Ziegler has filed an Opposition, ECF No. 92. Sigma has not filed a Reply, and the time for doing so has passed, *see* Loc. R. 105.2.a;
- Ziegler's Motion to Seal Exhibits B, I, L, M, N, P, and R filed with his Reply, ECF No. 86; to which Sigma has not filed an Opposition, and the time for doing so has passed, *see* Loc. R. 105.2.a;
- VM's Motion to Strike Ziegler's Supplemental Expert Report and Memorandum in Support, ECF Nos. 71 & 72; to which Ziegler has filed an Opposition, ECF No. 82; and VM has filed a Reply, ECF No. 88;
- VM's Motion for Partial Summary Judgment and Memorandum in Support, ECF Nos. 95 & 96; to which Ziegler has filed an Opposition and Cross-Motion for Summary Judgment and Memorandum in Support, ECF Nos. 99 & 100;[2] VM has filed a Reply and Opposition, ECF No. 105; and Ziegler has filed a Reply, ECF No. 113;

---

[1] Count V is as to VM also, but Ziegler only wishes to dismiss "all claims against Sigma." Ziegler Mem. 4 & n3.

[2] A redacted version of the Memorandum appears as ECF No. 99-1.

- Ziegler's Motion for Leave to Exceed Page Limit in his Memorandum in Support of his Opposition and Cross-Motion for Summary Judgment, ECF No. 110, for which VM's response is due February 24, 2014;

- VM's Motion for Leave to File an Oversized Memorandum for its Reply and Opposition on summary judgment, ECF No. 104, to which Ziegler has not filed a response, and the time for doing so has passed, *see* Loc. R. 105.2.a;

- Ziegler's Motion to Seal Exhibits 4, 5, 6, 8, 9, 10, 15, 16, 17, 18, 21, 25, 26, 27, 28, 29, 30, 37, 38, 39, 40, 45, 46, 48, 49, 50, 51, 52, and 56 filed in support of his Opposition and Cross-Motion for Summary Judgment, ECF No. 102, to which VM has not filed a response, and the time for doing so has passed, *see* Loc. R. 105.2.a;

- Ziegler's Motion to Seal Exhibits 2, 3, 4, 5, 6, and 7 filed in support of his Reply on summary judgment, ECF No. 116, for which VM's response is due February 27, 2014;

- VM's Motion to Seal Exhibits N, O and S, as well as Exhibits 2, 4 and 5 to the Declaration of Hendrik Teunis, all filed in support of its Reply and Opposition on summary judgment, ECF No. 107, to which Ziegler has not filed a response, and the time for doing so has passed, *see* Loc. R. 105.2.a; and

- VM's Motion to Strike Ziegler's Exhibits in support of his Opposition and Cross-Motion for Summary Judgment and Memorandum in Support, ECF Nos. 108 and 108-1, to which Ziegler has filed an Opposition, ECF No. 109, and VM has filed a Reply, ECF No. 111.

For the reasons stated below, Ziegler's Motion for Voluntary Dismissal of Counterclaims Against Sigma Parties is GRANTED, and Ziegler's counterclaims against Sigma are DISMISSED WITH PREJUDICE; Sigma's Motion for Leave to File a Surreply is GRANTED; the parties' motions to seal are DENIED WITHOUT PREJUDICE; the parties' motions to exceed page limits are DENIED; and VM's Motion for Partial Summary Judgment and motions to strike remain pending.

I. **MOTION FOR VOLUNTARY DISMISSAL OF COUNTERCLAIMS AGAINST SIGMA PARTIES AND MOTION FOR LEAVE TO FILE A SURREPLY**

In his Motion for Voluntary Dismissal of Counterclaims Against Sigma Parties, Ziegler states that "[t]he thrust of Mr. Ziegler's claims against Sigma is that it orchestrated the purported 'Cause' termination as a device to deprive Mr. Ziegler of substantial monies" that he otherwise would be due under the Transaction Bonus Plan. Ziegler's Mem. 2. Noting that he "sought

relief under the Transaction Bonus Plan, if and to the extent that Sigma completed a sale of Visual Mining as contemplated in that Plan," Ziegler alleges that, despite his efforts, he was not able to learn about the possibility or probability of sale through discovery and, moreover, "the 12-month period during which a sale would have triggered Mr. Ziegler's rights under the Transactions Bonus Plan expired [in September 2013]," such that Ziegler does not believe that it is "worth spending any more time or money on pursuing his claims against Sigma." *Id.* at 5–7.

Sigma does not oppose the motion, but rather seeks to recover costs and attorney's fees. Sigma Opp'n 18. Sigma argues that the motion comes "[o]n the verge of summary judgment briefing, at the close of discovery, one month shy of a year after [its] filing . . . , and after hundreds of hours of work and hundreds of thousands of dollars in legal fees and costs." *Id.* at 1. In Sigma's view, "[i]mpleading Sigma was nothing but a tactical ploy to try to force Visual Mining to drop its legitimate claims against Ziegler and force a settlement," and "Ziegler's motion is an effort to avoid summary judgment against him on those counts. *Id.* at 2. Sigma asserts that it "has spent a quarter of a million dollars defending against Ziegler's crossclaims." *Id*. at 3. Sigma notes that Ziegler's two claims with regard to the Transaction Bonus Plan are now moot. *Id.* at 7 & n2. Sigma contends that "the Court should, 'as a matter of course' condition dismissal on Ziegler's payment of Sigma's taxable costs." *Id*. at 15 (citation omitted). Additionally, Sigma asks for attorney's fees because, in its view, "Ziegler has acted in bad faith." *Id.*

In Reply, Ziegler states that he "would be amenable to dismissal with prejudice, but will not accede to Sigma's request for fees," as "Sigma has failed to identify any special prejudice cognizable under Rule 41(a)(2) that would entitle it to the extraordinary remedy of attorneys'

5

fees" and "neither Ziegler nor his counsel acted in bad faith and . . . his claims were diligently prosecuted." Ziegler's Reply 2–3.

Sigma has moved for leave to file a surreply, and Ziegler opposes that motion. Sigma states that it wishes to file a surreply because Ziegler moved to dismiss pursuant to Rule 41(a)(2), which would be a dismissal without prejudice, and did not mention that he would agree to a dismissal with prejudice until his Reply. Indeed, in its proposed surreply, ECF No. 87-1, Sigma addresses the standard for awarding fees when dismissal is with prejudice and argues that fees are appropriate, regardless whether the dismissal is with or without prejudice. Sigma's Surreply 3–4 & 6. Sigma's motion for leave to file a surreply is GRANTED.

Rule 41(a)(2) provides that, after the opposing party has served an answer or motion for summary judgment, "an action[3] may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper," and that, "[u]nless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2). "The purpose of this rule is 'to allow voluntary dismissals unless the parties will be unfairly prejudiced.'" *Redding v. Ameriprise Auto & Home Ins.*, No. DKC-11-3141, 2012 WL 1268327, at *3 (D. Md. Apr. 13, 2012) (quoting *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987) (citations omitted)). The factors this Court considers in ruling on a Rule 41(a) motion include "'the opposing party's effort and expense in preparing for trial, excessive delay and lack of diligence on the part of the movant, and insufficient explanation of the need for a voluntary dismissal,' as well as 'the present stage of litigation.'" *Miller v. Terramite Corp.*, 114 F. App'x 536, 539 (4th

---

[3] "Despite the use of the word 'action' in the Rule, a majority of courts—including this court and others throughout the Fourth Circuit—have permitted plaintiffs to move for voluntary dismissal of fewer than all defendants pursuant to Rule 41(a)." *Redding v. Ameriprise Auto & Home Ins.*, No. DKC-11-3141, 2012 WL 1268327, at *3 (D. Md. Apr. 13, 2012) (collecting cases and concluding that Rule 41(a)(2) applied to the plaintiff's request to dismiss his complaint as to one of three defendants).

Cir. 2004) (quoting *Phillips USA, Inc., v. Allflex USA, Inc.*, 77 F.3d 354, 358 (10th Cir. 1996) (internal citations and quotation marks omitted)).

Here, Ziegler's motion to dismiss shall be granted, as it is unopposed. Further, given that two of the three claims against Sigma are moot (as both parties acknowledge), Sigma has incurred time and expense in litigation thus far, and Ziegler agrees to the dismissal of all three of his claims against Sigma with prejudice, the dismissal shall be with prejudice. *See Nat'l Satellite Sports, Inc v. Comcast Satellite Commc'ns, Inc.*, No. H-00-261, 2000 WL 1717304, at *2 (D. Md. Nov. 15, 2000) ("Under all the circumstances here, this Court has concluded that the dismissal of this case should be with prejudice, particularly since plaintiff has indicated that it is not objecting to such a dismissal. In successfully defending this case, the Comcast/Primestar defendants have incurred attorneys' fees and costs, and they should not be required to duplicate their efforts if plaintiff re-instituted this action at a later date.").

Despite their extensive filings, the parties' only dispute with regard to dismissal of the claims against Sigma is whether the dismissal should be conditioned on Ziegler's payment of Sigma's attorney's fees and costs. It is true that when a dismissal is without prejudice, the Court may impose conditions, such as the movant's payment of the opposing party's fees and costs. *See* Fed. R. Civ. P. 41(a)(2). Indeed, costs "should be imposed as a matter of course in most cases" when dismissal is without prejudice. *See Davis v. USX Corp.*, 819 F.2d 1270, 1276 (4th Cir. 1987). However, "[o]rdinarily, where a motion for voluntary dismissal is granted *with prejudice*, an award of attorneys' fees is not appropriate because there is no risk that the defendant can 'be called upon again to defend' and thus no risk of 'any duplication of expense.'" *C-Tech Corp. v. Aversion Techs.*, No. DKC-11-983, 2012 WL 3962508, at *8 (D. Md. Sept. 7, 2012) (quoting *Lawrence v. Fuld*, 32 F.R.D. 329, 331 (D. Md. 1963)) (emphasis added). The

7

"two exceptions to this general principle" are "(1) where the case involves 'exceptional circumstances' and (2) where 'there is independent statutory authority for such an award.'" *Id.* (quoting 9 *Wright & Miller* § 2366 (internal quotation marks and citations omitted)). For example, circumstances would be exceptional if the "'plaintiff's suit was . . . unnecessary, groundless, vexatious and oppressive . . . .'" *Nat'l Satellite*, 2000 WL 1717304, at *2 (quoting *Lawrence*, 32 F.R.D. at 332–33).

Sigma argues that it incurred extensive attorney's fees on Ziegler's claims that "[f]rom the outset, . . . were legally and factually baseless." Sigma's Opp'n 2. Yet, Sigma never moved to dismiss or for summary judgment, to stay discovery, or for Rule 11 sanctions or a Rule 26(c) protective order. Moreover, Sigma has not shown that exceptional circumstances exist to warrant an attorney's fees award. *See C-Tech Corp.*, 2012 WL 3962508, at *8; *Nat'l Satellite*, 2000 WL 1717304, at *2. Nor has it identified statutory authority for an award of attorney's fees and costs. *See C-Tech Corp.*, 2012 WL 3962508, at *8; *Nat'l Satellite*, 2000 WL 1717304, at *2. Consequently, the dismissal will not be conditioned on Ziegler's payment of attorney's fees and costs.

## II.    MOTIONS TO SEAL

Local Rule 105.11, which governs the sealing of all documents filed in the record, provides:

> Any motion seeking the sealing of pleadings, motions, exhibits or other documents to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection....

The Rule balances the public's common law right to inspect and copy judicial records and documents, *see Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978), with competing interests that sometimes outweigh the public's right, *see In re Knight Publ'g Co.*, 743 F.2d 231,

235 (4th Cir. 1984). The public's right of access to dispositive motions and the exhibits filed within is protected to an even higher standard by the First Amendment. *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988).

In his Motions to Seal Exhibits B, I, L, M, N, P, and R filed with his Reply; Exhibits 4, 5, 6, 8, 9, 10, 15, 16, 17, 18, 21, 25, 26, 27, 28, 29, 30, 37, 38, 39, 40, 45, 46, 48, 49, 50, 51, 52, and 56 filed in support of his Opposition and Cross-Motion for Summary Judgment; and Exhibits 2, 3, 4, 5, 6, and 7 filed in support of his Reply on summary judgment, Ziegler contends that these exhibits should be sealed because they "contain documents previously identified and marked 'Confidential' pursuant to the Protective Order entered by this Court on April 4, 2013 (Doc. No. 56)." Ziegler Mots. to Seal 1. Similarly, in its Motion to Seal, VM alleges that Exhibits N, O and S, as well as Exhibits 2, 4 and 5 to the Declaration of Hendrik Teunis, all filed in support of its Reply on summary judgment, should be sealed because they "contain documents previously identified and designated as 'Confidential' pursuant to the Protective Order." VM's Mot. to Seal 1–2.

These motions do not comply with Loc. R. 105.11 because they "do[] not offer either a proposed reason supported by specific factual representations to justify the sealing or an explanation as to why alternatives to sealing would not provide sufficient protections." *Orteck Int'l Inc. v. TransPacific Tire & Wheel, Inc.*, No. DKC-2005-2882, 2006 WL 2572474, at *28 (D. Md. Sept. 5, 2006). Although both parties reference the Protective Order and its designation of these documents as "confidential" to justify sealing these exhibits, "[t]his justification is neither specific nor factual as required by Rule 105.11." *Id.* A protective order regulates the parties' extra-judicial conduct but is not sufficient, by itself, to justify the continued sealing of filings in court. *See id.*; *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 576 (4th Cir.

9

2004). Therefore, district courts must review the merits of motions to seal "'and not merely allow continued effect to a pretrial discovery protective order.'" *Va. Dep't of State Police*, 386 F.3d at 576 (quoting *Rushford*, 846 F.2d at 253). This is because "'[t]he reasons for granting a protective order to facilitate pre-trial discovery may or may not be sufficient to justify proscribing the First Amendment right of access to judicial documents.'" *Id*. (quoting *Rushford*, 846 F.2d at 254). Indeed, the Protective Order "merely provides that the parties must move to seal any documents that disclose information designated as 'confidential,' without any explanation of why that information should be protected." *See Orteck*, 2006 WL 2572474, at *28. Therefore, the parties' motions to seal are DENIED WITHOUT PREJUDICE. *See id.*; *Under Armour, Inc. v. Body Armor Nutrition, LLC*, No. JKB-12-1283, 2013 WL 5375444, at *9 (D. Md. Aug. 23, 2013) (denying motions to seal where "[t]he parties . . . provided only the barest support for the motions to seal, usually relying on the protective order issued in th[e] case" and failed to "provide 'specific factual representations' to justify their arguments").

The parties may file motions that comply with Local Rule 105.11 within fourteen (14) days. Until then, the documents remain under seal. If the parties do not file new motions within fourteen days, the documents will be unsealed at the end of that time period.

### III. MOTIONS TO EXCEED PAGE LIMITS

Local Rule 105.3 provides that, unless the Court orders otherwise, "memoranda in support of a motion . . . shall not exceed (50) pages . . . exclusive of (a) affidavits and exhibits, (b) tables of contents and citations, and (c) addenda containing statutes, rules, regulations and similar material." The time for filing a motion to exceed this page limit is prior to filing a motion with excessive pages, not simultaneously with the motion, as Visual Mining has done, *see* VM's Mot. for Leave to File an Oversized Memorandum (filed Jan. 23, 2014); VM's Reply

& Opp'n (filed Jan. 23, 2014), or more than one month after filing the motion, as Ziegler has done, *see* Ziegler's Mot. for Leave to Exceed Page Limit (filed Feb. 5, 2014); Ziegler's Opp'n & Cross-Mot. for Sum. J. (filed Jan. 9, 2014). Moreover, neither party has shown cause for filing a memorandum of greater than fifty pages. It seems plain that if counsel focus on presenting the law and the facts succinctly and in an organized fashion, they should be able to comply with the page limit without difficulty. Therefore, their motions to exceed the page limit are DENIED. Counsel shall coordinate and propose a schedule for refiling memoranda of fifty pages or less and file the schedule with the Court for approval within fourteen (14) days.

## IV. CONCLUSION

In sum, Ziegler's Motion for Voluntary Dismissal of Counterclaims Against Sigma Parties is GRANTED, and Ziegler's counterclaims against Sigma are DISMISSED WITH PREJUDICE and without conditions. Sigma's Motion for Leave to File a Surreply is GRANTED.

Additionally, the parties' motions to seal are DENIED WITHOUT PREJUDICE. The parties may file motions that comply with Local Rule 105.11 within fourteen (14) days. Until then, the documents (ECF Nos. 85, 101, 106, 115) remain under seal. If the parties do not file new motions within fourteen days, the documents will be unsealed at the end of that time period.

Further, the parties' motions to exceed page limits are DENIED. Counsel shall coordinate and propose a schedule for refiling memoranda of fifty pages or less to replace the lengthy memoranda they have filed as ECF Nos. 99-1 and 100 and 105, and they shall file the schedule with the Court for approval within fourteen (14) days. The documents that exceed the page limit, ECF Nos. 99-1 and 100 and 105, are STRICKEN.

VM's Motion for Partial Summary Judgment and motions to strike, ECF Nos. 71, 95 & 108, remain pending.

A separate order shall issue.

Dated: February 21, 2014                                             /S/
                                                        Paul W. Grimm
                                                        United States District Judge

lyb